IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA FOODS, INC., | |
| Plaintiff, | No. C 07-00554 JSW |
| v. | |
| SONOMA CHEESE FACTORY, LLC, et al., | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 15, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS IN PART and DENIES IN PART** the special motion to strike pursuant to California Code of Civil Procedure § 425.16 filed by plaintiff and counter-

defendant Sonoma Foods, Inc.'s ("Sonoma Foods") and **tentatively GRANTS IN PART and DENIES IN PART** Sonoma Foods' motion to dismiss the counter-claims filed by defendant and counter-claimants Sonoma Cheese Factory, LLC ("Sonoma Cheese Factory") and counter claimant L. Peter Viviani (collectively, ("Counter-claimaints").

The parties shall each have 20 minutes to address the following questions:

(1) Breach of Contract Counterclaim:

    (a) Do Counter-claimaints contend that the contract at issue is written or oral?

    (b) Who specifically are the parties to the alleged agreement?

    (c) By what date under the alleged agreement do Counter-claimaints allege Sonoma Foods was obliged to transfer the trademarks at issue?

    (d) When did the first alleged breach occur?

    (e) Counter-claimaints argue in their opposition brief that between 2001 and 2005, Sonoma Foods and David Viviani acted as if the agreement had been respected. However, on August 20, 2002, Sonoma Foods registered Sonoma Blue (Reg. No. 2610926), one of the marks Counter-claimaints allege is associated with Sonoma Cheese Factory's retail operations. Why is the registration of Sonoma Blue almost eight months after the alleged agreement was made not inconsistent with the agreement to transfer the retail trademarks to Sonoma Cheese Factory?

    (f) Where a plaintiff relies on the discovery rule, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005), citing *McKelvey v. Boeing North American, Inc.*, 74 Cal. App. 4th 151, 160 (1999) (emphasis in original). Where in the Counter-complaint are such facts alleged?

(2) On what authority, if any, do Counter-claimaints rely to demonstrate that Sonoma Foods owed a fiduciary duty to Peter Viviani, its former majority shareholder, or to Sonoma Cheese Factory, an independent company?

2

(3) To state a claim for constructive fraud under California law, Counter-claimaints must allege a fiduciary or confidential relationship. *See Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006). Given that David Viviani is not named as a party, with whom do Counter-claimaints allege that they had a fiduciary or confidential relationship?

(4) To state a claim under 15 U.S.C § 1125(a)(1), Counter-claimaints must allege: (1) the existence of a valid, protectable mark used in connection with the sale of goods or services; and (2) Sonoma Foods' use of a mark that is confusingly similar. *See Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 (9th Cir.1999). Where do Counter-claimaints allege such facts?

(5) Counter-claimaints argue that Sonoma Foods' obtainment of additional retail trademarks violates 15 U.S.C § 1125(a). (Opp. to Mot. to Dismiss at 9.) Is Sonoma Foods' registration of Sonoma Blue (Reg. No. 2610926) as alleged in paragraph 12 of the Counter-complaint one of the additional retail trademarks Counter-claimaints allege Sonoma Foods obtained?

(6) Given that Counter-claimaints allege that Sonoma Foods failed to transfer retail trademarks to Sonoma Cheese Factory, as a company, on what basis do Counterclaimaints bring their claim for financial elder abuse against Peter Viviani, as an individual?

(7) Counter-claimaints allege that they learned that "numerous trademarks were not transferred by [Sonoma Foods] to Cheese Factory." (Countercompl., ¶ 13.)

   (a) Do Counter-claimaints contend that Sonoma Foods failed to transfer some or all of the agreed-upon trademarks?

   (b) If Counter-claimaints allege they received some but not all of the agreed-upon trademarks, based on what authority do they rely to demonstrate that such facts state a claim for rescission based on failure of consideration?

///

///

1     (8)     Do the parties have anything further they wish to address?

Dated: June 14, 2007

                                           JEFFREY S. WHITE
                                           UNITED STATES DISTRICT JUDGE