Curtis J. Morris (Cal. Bar No. 98662)
Law Offices of Curtis J. Morris
370 W. Napa Street
Sonoma CA 95476
Phone: (707) 938-0861; Fax: (707) 938-0880

Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
On Lu, Esq. (Cal. Bar No. 242693)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000; Fax: (408) 998-1473
Email: dmount@mount.com; dfingerman@mount.com; olu@mount.com

Attorneys for Sonoma Cheese Factory LLC and L. Peter. Viviani

Michael J. Ioannou (Cal. Bar No. 95208)
Elise R. Vasquez (Cal. Bar No. 201190)
Ropers, Majeski, Kohn & Bentley
80 North First Street
San Jose CA 95113
Phone: (408) 287-6262; Fax: (408) 918-4501

Attorneys for Sonoma Cheese Factory LLC

John H. Patton (Cal. Bar No. 069261)
Kathryn J. Allen (Cal. Bar No. 196544)
Shapiro Buchman Provine & Patton LLP
1333 North California Boulevard., Suite 350
Walnut Creek, CA 94596
Phone: (925) 944-9700; Fax: (925) 944-9701
E-mail: jpatton@sbllp.com

Attorneys for Plaintiff and Counterdefendant
Sonoma Foods, Inc.

United States District Court
Northern District of California

| | |
|---|---|
| SONOMA FOODS, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SONOMA CHEESE FACTORY, LLC, a California limited liability company and DOES 1 through 50, inclusive,<br><br>    Defendant.<br>AND RELATED COUNTERCLAIMS | Case No. 3:07-cv-00554 (JSW)<br><br>**Stipulated Protective Order** |

# Stipulated Protective Order

## 1. Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. Definitions

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their respective support staffs).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or matter generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4 "Highly Confidential — Attorneys' Eyes Only" Information or Items: sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a risk of serious injury that could not be avoided by less restrictive means. By way of example, "Highly Confidential — Attorneys' Eyes Only" Information or Items may include those things of a proprietary business nature that may be of value to a competitor or potential customer of the Producing Party or Designating Party, or a customer of such party or non-party holding proprietary rights therein and that must be protected from disclosure.

Case No. 3:07-cv-00554 (JSW)  Page 1
Stipulated Protective Order

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates Disclosure or Discovery Material as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 <u>ESI</u>: electronically stored information, as that term is defined in Rule 34 of the Federal Rules of Civil Procedure.

**3. <u>Scope</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or

1 compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in
2 court or in other settings that might reveal Protected Material.

### 4. Duration

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5. Designating Protected Material

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designation. Except as otherwise provided in this Order (see e.g., second paragraph of § 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

        a.    <u>For information in documentary form</u> (including ESI, but not including transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top or bottom of each page or, if a Producing Party produces ESI, it may affix the appropriate legend on the outside of the storage medium that contains the Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted ("Confidential" or "Highly Confidential — Attorneys' Eyes Only").

        A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential — Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents or portions thereof qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top or bottom of each page or, if a Producing Party produces ESI, it may affix the appropriate legend on the outside of the storage medium that contains the Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted ("Confidential" or "Highly Confidential — Attorneys' Eyes Only").

        If a Producing Party produces ESI and opts to designate the storage medium containing such ESI as containing Protected Material by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to the outside of that medium without separately designating each document contained in that storage medium, the duty to determine if one or more documents or portions thereof contained on that medium are subject to a reduced level of protection

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

shall not arise until the Receiving Party wishes to copy or print selected documents from the storage medium. Before a Receiving Party may copy or print ESI from the storage medium, it shall confer with the Producing Party, and the Producing Party and the Receiving Party shall agree on the appropriate level of protection for the particular ESI to be copied or printed and the manner in which an appropriate legend shall be affixed to each copy of such copied or printed material. If the Producing Party and the Receiving Party cannot agree on the appropriate level of protection for the particular ESI to be copied or printed and the manner in which an appropriate legend shall be affixed to each copy of such material, the Receiving Party may not copy or print the ESI unless the court specifically orders that the particular ESI in question may be copied or printed. The court's order shall specify (1) the particular ESI at issue, (2) the manner in which the material may be copied, printed, or both, (3) if the material is to be copied electronically, the number of electronic copies that may be made and the manner in which each copy will be stored or transmitted, (4) the level of protection that will apply to the material, and (5) the manner in which a legend shall be affixed to the material, signifying that the material has been designated "Confidential" or "Highly Confidential — Attorneys' Eyes Only." Notwithstanding the foregoing, a Receiving Party's outside counsel may print ESI for the purpose of creating an internal working copy for the law office of the Receiving Party's outside counsel without previously meeting and conferring with the Producing Party, provided that the Receiving Party's outside counsel immediately affixes a legend to the top or bottom of each page of the printed document that matches the legend affixed to the outside of the storage medium. Notwithstanding the foregoing, a Receiving Party's outside counsel may copy ESI from the storage medium upon which it was produced to another storage medium for the purpose of creating an internal working copy for the law office of the Receiving Party's outside counsel without previously meeting and conferring with the Producing Party, provided that the Receiving Party's outside counsel immediately affixes a legend to (1) the outside of the storage medium onto which the file is copied or (2) to each electronic file. Such legend must match the legend affixed to the outside of the storage medium upon which the ESI was produced. If the Receiving Party's outside counsel affixes such a legend to a storage medium or file, such legend must be affixed in such a manner that it will be

1  prominently displayed to any person who receives or views the file, regardless of the computer
2  system or software used to view the file.
3       Nothing in this Order, nor any Party's stipulation to have this Order entered by the Court, shall
4  be deemed to be an agreement by any party to produce or to receive documents or ESI in any
5  particular form, including in electronic form.  Similarly, nothing in this Order, nor any Party's
6  stipulation to have this Order entered by the Court, shall be deemed to be a waiver of any right to
7  seek production from any other party of documents or ESI in a particular form, including in
8  electronic form.
9       b.    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that
10 any Party or non-party identify on the record, before the close of the deposition, hearing, or other
11 proceeding, its protected testimony, and further specify any portions of the testimony that qualify as
12 its "Confidential" or "Highly Confidential — Attorneys' Eyes Only" information or items.  When it is
13 impractical to identify separately each portion of the testimony that is entitled to protection, and when
14 it appears that substantial portions of the testimony may qualify for protection, any Party or non-party
15 may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20
16 days after the transcript is prepared to identify the specific portions of the testimony as to which
17 protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly
18 Confidential — Attorneys' Eyes Only").  Only those portions of the testimony that are appropriately
19 designated for protection within 20 days after the transcript is prepared shall be covered by the
20 provisions of this Order.
21      Transcript pages containing Protected Material must be separately bound by the court
22 reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY
23 CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Designating Party.
24      c.    <u>For information produced in some form other than documentary, and for any</u>
25 <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
26 container or containers in which the information or item is stored the legend "CONFIDENTIAL" or
27 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information
28 or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

portions, specifying whether they qualify as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    Challenging Confidentiality Designations**

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialog; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in the designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied

with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialog.

The burden of persuasion in any such challenge shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. Access to and Use of Protected Material**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of § 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a.     The Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

b.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A);

c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

d.     The Court and its personnel;

   e. Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

   f. During their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

   g. The author of the document, the original source of the information or anyone who previously had access to the document or information (such as a recipient of the document).

  7.3 <u>Disclosure of "Highly Confidential — Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY only to:

   a. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, but not to Outside Counsel who is engaged in the prosecution of patent applications for the Receiving Party;

   b. Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

   c. The Court and its personnel;

   d. Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

   e. During their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

1  Protected Material must be separately bound by the court reporter and may not be disclosed to
2  anyone except as permitted under this Order.
3      f.   The author of the document, the original source of the information, or anyone
4  who previously had access to the document or information (such as a recipient of the document).
5    7.4   Procedures for Approving Disclosure of "Highly Confidential — Attorneys' Eyes
6  Only " Information or Items to "Experts"
7      a.   Unless otherwise ordered by the court or agreed in writing by the Designating
8  Party, a party that seeks to disclose to an "Expert" (as defined in this Order) any information or item
9  that has been designated "Highly Confidential — Attorneys' Eyes Only" first must make a written
10 request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of
11 his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the
12 Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received
13 compensation for work in his or her areas of expertise or to whom the expert has provided
14 professional services at any time during the preceding five years, and (5) identifies (by name and
15 number of the case, filing date, and location of court) any litigation in connection with which the
16 Expert has provided any professional services during the preceding five years.
17     b.   A Party that makes a request and provides the information specified in the
18 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,
19 within seven court days of delivering the request, the Party receives a written objection from the
20 Designating Party.  Any such objection must set forth in detail the grounds on which it is based.
21     c.   A Party that receives a timely written objection must meet and confer with the
22 Designating Party (through direct voice to voice dialog) to try to resolve the matter by agreement.  If
23 no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as
24 provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking
25 permission from the court to do so.  Any such motion must describe the circumstances with
26 specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably
27 necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means
28 that might be used to reduce that risk.  In addition, any such motion must be accompanied by a

1  competent declaration in which the movant describes the parties' efforts to resolve the matter by

2  agreement (i.e., the extent and content of the meet and confer discussions) and sets forth the reasons

3  advanced by the Designating Party for its refusal to approve the disclosure.

4      In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of

5  proving that the risk of harm that the disclosure would entail (under safeguards proposed) outweighs

6  the Receiving Party's need to disclose the Protected Material to its Expert.

**8. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any information or items designated "Confidential" or "Highly Confidential — Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Order to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom

Case No. 3:07-cv-00554 (JSW)  
Stipulated Protective Order  
Page 11

1 unauthorized disclosures were made of all the terms of this Order, and (d) request such person or
2 persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as
3 Exhibit A.

**10. Filing Protected Material**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested parties, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11. Final Disposition**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may, at its option, destroy some or all of the Protected Material instead of returning it to the Producing Party. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in § 4 (DURATION), above.

**12. Miscellaneous**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

12.3 <u>Inadvertent Production or Disclosure of Privileged Matter</u>.  Any inadvertent production or disclosure of information or items subject to any privilege, work product immunity, or similar protection shall not constitute a waiver of such privilege, work product immunity, or similar protection.  A Receiving Party shall not assert that the Producing Party's inadvertent production or disclosure of such information or items constitutes a failure to exercise reasonable care to prevent the production or disclosure of such information or items.  If a Receiving Party believes that any information or items produced or disclosed to it may be subject to any privilege, work product immunity, or similar protection, it shall promptly notify the Producing Party and shall not read or otherwise view the remainder of such information or items.  Upon learning of such inadvertent production or disclosure, the Producing Party may timely notify the Receiving Party that such production or disclosure was inadvertent and that the Producing Party claims a privilege or similar protection in the material.  Upon such notification, the Receiving Party shall return the original and all copies of such material to the Producing Party or shall certify in writing to the Producing Party that the original and all copies of such material have been destroyed.

12.4 <u>Third Parties</u>.  If a party seeks discovery from a non-party, the non-party may invoke the benefits of this order by written notice to all parties and may designate information or items "Confidential" or "Highly Confidential — Attorneys' Eyes Only" in accordance with the terms of this Order.

12.5 <u>Monterey Gourmet Foods Inc.</u>  Monterey Gourmet Foods Inc. is not a party to this action.  Accordingly, Monterey Gourmet Foods Inc. will be treated as a third party for all purposes.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| Dated: September 14, 2007 | | Mount & Stoelker, P.C.<br>Dan Fingerman<br><br>_____/s/_____<br>Daniel S. Mount, Esq.<br>Daniel H. Fingerman, Esq.<br>On Lu, Esq.<br>Attorneys for Sonoma Cheese Factory LLC and L. Peter. Viviani |
| Dated: September 14, 2007 | | Shapiro Buchman Provine & Patton LLP<br>John H. Patton<br><br>_____[signature]_____<br>Attorneys for Sonoma Foods Inc. |

I attest that the above attorneys have concurred in the filing of this document.

| | | |
|---|---|---|
| Dated: September 14, 2007 | | Mount & Stoelker, P.C.<br>Dan Fingerman<br><br>_____/s/_____<br>Daniel S. Mount, Esq.<br>Daniel H. Fingerman, Esq.<br>On Lu, Esq.<br>Attorneys for Sonoma Cheese Factory LLC and L. Peter. Viviani |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 17, 2007

_____[signature: Jeffrey S White]_____
Hon. Judge Jeffrey S. White
U.S. District Judge

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

# Exhibit A

## Acknowledgement and Agreement to Be Bound

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the United States District Court for the Northern District of California in the case of *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, Case No. 3:07-cv-00554 (JSW). I agree to comply with and to be bound by all the terms of that Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to that Order to any person or entity except in strict compliance with the provisions of that Order.

I further agree to submit to the jurisdiction of the above-identified court for the purpose of enforcing the terms of that Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____