United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SONOMA FOODS, INC.,

    Plaintiff,

v.

SONOMA CHEESE FACTORY, LLC, et al.,

    Defendants.

AND RELATED COUNTERCLAIMS

    /

No. C 07-00554 JSW

**ORDER RE ATTORNEYS' FEES**

Now before the Court is the motion for attorneys' fees pursuant to California Code of Civil Procedure 425.16(c) filed by plaintiff and counter-defendant Sonoma Foods, Inc.'s ("Sonoma Foods"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for September 21, 2007 is HEREBY VACATED. Having considered the parties' arguments and relevant legal authority, the Court hereby grants in part and denies in part Sonoma Foods' motion.

**BACKGROUND**

Pursuant to California Code of Civil Procedure § 425.16, Sonoma Foods filed a special motion to strike the thirteen counter-claims filed by defendant and counter claimants Sonoma Cheese Factory, LLC ("Sonoma Cheese Factory") and counter claimant L. Peter Viviani ("Peter Viviani") (collectively, ("Counter-claimants"). The facts alleged by Counter-claimants are

1  set forth in the Court's order granting in part and denying in part Sonoma Foods' special motion
2  to strike and motion to dismiss and will not be repeated here. Sonoma Foods now moves for
3  attorneys' fees and costs incurred in striking two of Counter-claimants' claims.

**ANALYSIS**

A "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civil Proc. § 425.16(c). An award of attorney's fees to a prevailing party on a special motion to strike is mandatory. Cal. Civ. Proc. Code § 425.16(c); *Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 215 (2002) (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001)). "[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion." *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 340 (2006). "The determination whether a party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court." *Id*.

When work on a motion to strike relating to successful and unsuccessful claims involve discrete factual and legal issues, a court may limit the fees award to those incurred in moving on the successful claims. *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001); *Mann*, 139 Cal. App. 4th at 339 n.5. However, when the claims challenged by a motion to strike involve overlapping factual or legal issues, the prevailing party is not necessarily entitled to all fees incurred. *Mann*, 139 Cal. App. 4th at 344. Rather, "the court must consider the significance of the overall relief obtained by the prevailing party in relation to the hours reasonably expended on the litigation and whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id*. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

Here, Sonoma Foods moved to strike thirteen counter-claims. The Court held that Counter-claimants' federal claims were not subject to Section 425.16, and thus denied the motion to strike as to these claims. Moreover, the Court held that only two of Counter-claimants' state law claims – claims entitled common law injury to business reputation and

2

1   unjust enrichment – arose from protected activity, and thus denied the motion to strike as to the
2   remaining nine state-law claims.  The Court granted the motion to strike the claims entitled
3   common law injury to business reputation and unjust enrichment on the grounds that Counter-
4   claimants failed to demonstrate that these purported claims were valid under California law.
5   Although striking these two claims did not greatly reduce the legal or factual issues remaining
6   in this action, striking the purported claim entitled common law injury to business reputation
7   did eliminate the issue of whether Sonoma Cheese Factory's business reputation was injured.
8   Striking the purported claim for unjust enrichment eliminated the issue of whether Sonoma
9   Cheese Factory would be injured if the Court were to compel Sonoma Cheese Factory from
10  using certain trademarks.  Under these circumstances, the Court does not find that the results
11  were so insignificant that Sonoma Foods did not achieve any practical benefit from bringing the
12  motion to strike.  *See Mann*, 139 Cal. App. 4th at 340.  Thus, Sonoma Foods was the prevailing
13  party on its motion to strike, and so the Court must determine the amount of attorneys' fees to
14  award.

15       Sonoma Foods incurred $52,078 in attorneys' fees and $1,609 in costs in bringing their
16  special motion to strike and motion to dismiss.  Sonoma Foods contends that at least two-thirds
17  of these fees and costs were expended in bringing the motion to strike and that it spent
18  equivalent amounts of time on each of the twelve of the counter-claims.[1]  Thus, Sonoma Foods
19  seeks a total of $5965, plus $6370 it incurred in attorneys' fees in bringing the instant motion.[2]
20  Although the Court finds that both the number of hours and rates are reasonable based on the
21  entire motion to strike and motion for attorneys fees, the Court must determine whether the
22  amount requested should be reduced in consideration of "whether the expenditure of counsel's
23  time was reasonable in relation to the success achieved."  *See Mann*, 139 Cal. App. 4th at 344.

---

[1] Sonoma Foods represents that it barely spent any time on the thirteenth claim for declaratory relief

[2] Sonoma Foods also sought $1750 it anticipated expending in attending a hearing on the instant motion.  Because the Court vacated the hearing on this motion, the Court subtracted the $1750 from the amount sought by Sonoma Foods.

3

1    The Court finds it appropriate to reduce the requested amount in consideration of the
2 overall relief achieved by Sonoma Foods in relation to the hours reasonably expended on the
3 litigation. *See Mann*, 139 Cal. App. 4th at 344.  The Court finds that while striking the
4 purported claims for unjust enrichment and common law injury to business reputation did
5 eliminate a couple of issues from this action, the overall relief achieved by Sonoma Foods,
6 especially when considered in light of what Sonoma Foods sought by its special motion to
7 strike, while not insubstantial, was not great.
8    In light of the above considerations, the Court finds it appropriate to reduce the
9 requested award by fifty percent.  Accordingly, the Court awards Defendants $6167.50 in
10 attorneys' fees and costs.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Sonoma Foods' motion for attorneys' fees.  Although the Court finds Sonoma Foods is the prevailing party, the Court is reducing the requested award by fifty percent in consideration of the overall relief achieved by Sonoma Foods.  The Court awards attorneys' fees and costs to Sonoma Foods in the amount of $6167.50.  Such payment shall be made by no later than September 28, 2007.

**IT IS SO ORDERED.**

Dated: September 18, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4