IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA FOODS, INC., | |
| Plaintiff, | No. C 07-00554 JSW |
| v. | |
| SONOMA CHEESE FACTORY, LLC, et al., | **NOTICE OF QUESTIONS** |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 19, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties each shall have 20 minutes to address the following questions:

1  (1)  In its order addressing the motion to dismiss filed by plaintiff and counter-defendant Sonoma Foods, Inc. ("Sonoma Foods"), the Court granted defendants and counter-claimants Sonoma Cheese Factory, LLC ("Sonoma Cheese Factory") and L. Peter Viviani (collectively, ("Counter-claimants") leave to amend, but cautioned Counter-claimants to be mindful that their amended allegations must be consistent with their Counter-complaint. (Order at 10-11.) Upon review of their counterclaims, the Court tentatively finds that Counter-claimants have changed the alleged factual substance of the agreement at issue and the alleged breaches. Specifically, Counter-claimants initially alleged that Sonoma Foods agreed to transfer trademarks associated with the retail operations, which included but were not limited to: (1) *Sonoma Cheese Factory* & design (Reg. No. 1111024) in class 29 for use in association with cheese; (2) *Sonoma Cheese Factory* (Reg. No. 1386303), a service mark in class 42 for restaurant services; (3) *Sonoma Deli* (Reg. No. 1748715) in class 30 for sandwiches; (4) *Sonoma* (Reg. No. 1,334,539) in class 29 for use in association with cheese; (5) *Sonoma Blue* (Reg. No. 2610926) in class 29 for use in association with cheese; (6) *Sonoma Jack* & design (Reg. No. 1099709) in class 29 for use in association with cheese; and (7) "*Sonoma Jack* (stylized)" (Reg. No. 1099707) in class 29 for use in association with cheese. (First Amended Answer and Counterclaims, ¶ 12.) Counter-claimants further alleged that Sonoma Foods registered three additional trademarks that were derived from the activities of, and were necessary to, the operation of Sonoma Cheese Factory. Counter-claimants therefore alleged that these marks should have been registered for the benefit of Sonoma Cheese Factory. (*Id.*, ¶ 14.) Counter-claimants alleged Sonoma Foods breached the agreement by failing to transfer such marks to Sonoma Cheese Factory. (*Id.*, ¶¶ 13, 17.)

In their amended Counter-complaint, Counter-claimants now allege that Sonoma Foods only agreed to transfer, and did so transfer, two federal marks – *Sonoma Cheese Factory* (Reg. No. 1386303) and *Sonoma Deli* (Reg. No. 1748715). Counter-claimants also allege that Sonoma Foods agreed to transfer the California Sonoma Cheese Factory

mark but failed to perfect the transfer. The alleged breaches include: (1) breaching an implied promise by Sonoma Foods not to use marks confusing to the marks transferred to Sonoma Cheese Factory; (2) failing to perfect the transfer of the California Sonoma Cheese Factory mark; and (3) failing to renew the California Sonoma Cheese Factory mark. In contrast to the proceeding complaint, the amended counter-claims depend on the factual allegations that Sonoma Foods in fact did transfer the two federal marks – *Sonoma Cheese Factory* (Reg. No. 1386303) and *Sonoma Deli* (Reg. No. 1748715).

(a) On what basis do Counter-claimants contend that their allegations regarding the substance of the alleged agreement and the alleged breaches of such agreement in their Second Amended Answer and Counterclaims are not inconsistent with their allegations in their First Amended Answer and Counterclaims?

(b) If Counter-claimants mistakenly pled factual allegations in their First Amended Answer and Counterclaims, which were inaccurate, may Counter-claimants alter their allegations to more accurately reflect the alleged agreement, even if those allegations are is inconsistent with their original allegations, or are they confined by their original factual allegations? On what authority, if any, do the parties rely on to support their respective positions?

(2) Counter-claimants argued that they alleged in their Second Amended Answer and Counterclaims only that Sonoma Foods failed to record the transfer of the California Sonoma Cheese Factory mark. However, in paragraph 29, Counter-claimants allege: "Sonoma Foods never informed Sonoma Cheese Factory that it had failed to transfer the California mark THE SONOMA CHEESE FACTORY." (*See also* Second Amended Answer and Counterclaims, ¶¶ 30, 33, 55-57.) How are the allegations regarding Sonoma Foods' failure to transfer the California mark not inconsistent with the sworn statements filed by Counter-claimants that Sonoma Foods did transfer this mark?

(3) Do the parties have anything further they wish to address?

Dated: October 18, 2007

*Jeffrey S. White*

3

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE