IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA FOODS, INC., | |
| Plaintiff, | No. C 07-00554 JSW |
| v. | |
| SONOMA CHEESE FACTORY, LLC, et al., | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND MOTION TO STRIKE** |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Now before the Court are plaintiff and counter-defendant Sonoma Foods, Inc.'s ("Sonoma Foods") motions to dismiss and to strike the counter-claims filed by defendant and counter claimants Sonoma Cheese Factory, LLC ("Sonoma Cheese Factory") and counter claimant L. Peter Viviani ("Peter Viviani") (collectively, ("Counter-claimants"). Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court hereby denies Sonoma Food's motions.

**BACKGROUND**

Sonoma Foods filed this trademark infringement action against Sonoma Cheese Factory. Sonoma Cheese Factory and Peter Viviani, Sonoma Cheese Factory's owner, then asserted counter-claims against Sonoma Foods.

In their First Amended Answer and Counterclaims ("First Amended Counter-compl."), Peter Viviani and Sonoma Cheese Factory alleged that in 2001, Peter and David Viviani, as the

1  sole shareholders, decided to divide the family business, Sonoma Foods.  They agreed that Peter
2  Viviani would own and operate the retail operations and that David Viviani would own and
3  operate the manufacturing and wholesale distribution operations.  (*Id*., ¶ 10.)

4  Pursuant to this agreement, the directors of Sonoma Foods held a special meeting on
5  December 31, 2001 to restructure the business.  At this meeting, Sonoma Foods formed Sonoma
6  Cheese Factory to own and run the retail operations.  (*Id*.)  Sonoma Foods was to manufacture
7  cheese products and Sonoma Cheese Factory was to market, advertise and sell the cheese
8  products under its applicable trademarks and trade names.  Accordingly, all of the assets and
9  liabilities relating to Sonoma Foods' ownership and operation of the retail operations, including
10 trademarks, were supposed to be transferred to Sonoma Cheese Factory.  (*Id*.)  In exchange,
11 Peter Viviani's transferred his shares of Sonoma Foods to David Viviani.  (*Id*.)  The corporate
12 officers were directed to prepare all the documents needed to execute this agreed-upon
13 restructuring of the family business.  (*Id*.)

14 In their First Amended Counter-Complaint, Peter Viviani and Sonoma Cheese Factory
15 alleged that Sonoma Foods agreed to transfer trademarks associated with the retail operations,
16 which included but were not limited to: (1) *Sonoma Cheese Factory* & design (Reg. No.
17 1111024) in class 29 for use in association with cheese; (2) *Sonoma Cheese Factory* (Reg. No.
18 1386303), a service mark in class 42 for restaurant services; (3) *Sonoma Deli* (Reg. No.
19 1748715) in class 30 for sandwiches; (4) *Sonoma* (Reg. No. 1,334,539) in class 29 for use in
20 association with cheese; (5) *Sonoma Blue* (Reg. No. 2610926) in class 29 for use in association
21 with cheese; (6) *Sonoma Jack* & design (Reg. No. 1099709) in class 29 for use in association
22 with cheese; and (7) "*Sonoma Jack* (stylized)" (Reg. No. 1099707) in class 29 for use in
23 association with cheese.  (First Amended Counter-compl., ¶ 12.)  Counter-claimants further
24 alleged that Sonoma Foods registered three additional trademarks that were derived from the
25 activities of, and were necessary to, the operation of Sonoma Cheese Factory.  Counter-
26 claimants therefore alleged that these marks should have been registered for the benefit of
27 Sonoma Cheese Factory.  (*Id*., ¶ 14.)  Counter-claimants alleged that Sonoma Foods breached
28

the agreement by failing to transfer "numerous" such retail trademarks to Sonoma Cheese Factory.  (*Id.*, ¶¶ 13, 17.)

The Court dismissed Counter-claimants' claims in their First Amended Counter-complaint, but provided them leave to amend.  In their Second Amended Answer and Counterclaims ("Second Amended Counter-compl."), Counter-claimants continue to allege that Peter and David Viviani agreed to separate the family business.  Peter Viviani would create and own Sonoma Cheese Factory, which would operate the retail facets of the business, and David Viviani, through Sonoma Foods, would retain the manufacturing and wholesale distribution facets of the business.  (Second Amended Counter-compl., ¶ 12.)  However, Counter-claimants have substantially altered what they allege to be the substance of the agreement and the alleged breaches.  Counter-claimants now allege that Sonoma Foods only agreed to transfer, and did so transfer, two federal marks – *Sonoma Cheese Factory* (Reg. No. 1386303) and *Sonoma Deli* (Reg. No. 1748715).  Counter-claimants also allege that Sonoma Foods agreed to transfer the California *Sonoma Cheese Factory* mark but failed to perfect the transfer.  Counter-claimants allege that Sonoma Foods breached the agreement by: (1) breaching an implied promise by Sonoma Foods not to use marks confusing to the marks transferred to Sonoma Cheese Factory; (2) failing to perfect the transfer of the California *Sonoma Cheese Factory* mark; and (3) failing to renew the California and Federal *Sonoma Cheese Factory* marks.

Counter-claimants bring the following claims against Sonoma Foods in their Second Amended Counter-complaint: (1) breach of contract; (2) breach of fiduciary duty; (3) negligence; (4) rescission; (5) trademark infringement under 15 U.S.C. § 1125(a)(1); (6) unfair competition under 15 U.S.C. § 1125(a); (7) unfair competition under California Business and Professions Code § 17200 ("Section 17200"); (8) financial elder abuse; and (9) declaratory relief.  The Court will address additional specific facts as required in the analysis.

Sonoma Foods now moves to dismiss these counter-claims pursuant Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and to strike portions of these counter-claims Federal Rule of Civil Procedure 12(f) ("Rule 12(f)").

3

**ANALYSIS**

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss are viewed with disfavor and are rarely granted.  *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).  On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to dismiss into a motion for summary judgment.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

Rule 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question."  *Id*.  Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.  *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991).  The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw

4

unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike.  *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.

**B.      Sonoma Foods' Motion to Dismiss.**

Sonoma Foods moves to dismiss each of the counter-claims under Rule 12(b)(6) for failure to state a claim.  The Court will address each claim in turn.

**1.      Breach of Contract.**

Sonoma Foods argues that Counter-claimants' breach of contract claim should be dismissed because the amended allegations are inconsistent with prior allegations.  The Court agrees that Counter-claimants have altered the alleged substance of the agreement and breaches.  However, the Court declines to dismiss the claim on this basis.  Counter-claimants concede that they mistakenly plead facts which they later determined were not supported.  It does not appear as though the initial mistakes and subsequent alterations were motivated by ill will or some attempt to deceive.  Although the Court will not dismiss the counter-claims at this procedural stage on this ground, the Court admonishes Counter-claimants to take greater care regarding their prospective statements and representations in this litigation.

Sonoma Foods also argues that the agreement is a written contract – the minutes of the meeting held on December 31, 2001, and that it does not contain the implied terms alleged by Counter-claimants.  Additional terms may be implied into a contract in accordance with the following rules:

> (1) the implication must arise from the language used or it must be indispensable to effectuate the intention of the parties; (2) it must appear from the language used that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it; (3) implied covenants can only be justified on the grounds of legal necessity; (4) a promise can be implied only where it can be rightfully assumed that it would have been made if attention had been called to it; (5) there can be no implied covenant where the subject is completely covered by the contract.

*Stockton Dry Goods Co. v. Girsh*, 36 Cal. 2d 677, 681 (1951) (quoting *Cousins Inv. Co. v. Hastings Clothing Co.,* 45 Cal. App. 2d 141, 149 (1941)).  However, Counter-claimants allege that the minutes from the meeting are evidence of some, but not all, aspects of the agreement.  Moreover, they allege that there are at least two different versions of the minutes with

somewhat different content. (Second Amended Counter-compl., ¶ 16.) Thus, based on the Second Amended Counter-complaint, the exact terms of the agreement are not yet before the Court. Therefore, the Court finds it would be premature to determine whether or not the agreement contains an implied promise not to use certain trademarks, and declines to dismiss the breach of contract counter-claim on this ground at this procedural stage.

Finally, Sonoma Foods argues that the breach of contract claim should be dismissed because it is barred by the statute of limitations. A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The statute of limitations for a given cause of action begins to run when the cause of action accrues. Generally, an action accrues either when the wrongful act is done, or when the wrongful result occurs, whichever is later. *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 397 (1999); *see also Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1109 (1988). Stated differently, the statute of limitations is often said to commence "upon the occurrence of the last element essential to the cause of action." *Norgart,* 21 Cal.4th at 397. Counter-claimants allege that "since at least" April of 2005, Sonoma Foods began to act in a manner that was inconsistent with the agreement. (Second Amended Counter-compl., ¶ 17.) Counter-claimants initially filed their counter-claims on March 23, 2007. Therefore, even if the applicable statute of limitations is two years for oral contracts, the Court cannot determine from the face of the pleading for purposes of this motion that the statute of limitations has expired. Accordingly, the Court denies Sonoma Foods' motion as to the breach of contract claim.

### 2. Breach of Fiduciary Duty.

Sonoma Foods argues that Counter-claimants fail to state a claim for breach of fiduciary duty because they do not allege any misconduct other than breaches of the alleged agreement and do not allege any facts that demonstrate a fiduciary relationship was created. Counter-claimants allege that "Sonoma Foods knowingly and voluntarily undertook to act on behalf of and for the benefit of Sonoma Cheese Factory and Peter with respect to the management of Sonoma Cheese Factory's trademarks." (Second Amended Counter-Compl., ¶ 26.) They

6

further allege that Sonoma Cheese Factory and Peter trusted Sonoma Foods to act on their behalf and for their benefit with respect to trademark matters because Sonoma Foods had experience in trademark matters and previously had managed Sonoma Cheese Factory's trademarks. Moreover, Peter Viviani had worked closely with David Viviani in David Viviani's capacity as President of Sonoma Foods, and Peter trusted in his father-son relationship with David Viviani. (*Id.*, ¶ 38.) Sonoma Foods allegedly breached this fiduciary duty by failing to record or perfect the transfer of the California *Sonoma Cheese Factory* mark and by failing to renew the California and federal *Sonoma Cheese Factory* marks. (*Id.*, ¶¶ 28-32, 48-60.)

"[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Committee On Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 221 (1983). Counter-claimants allege that Sonoma Foods knowingly undertook to act on their behalf of and for their benefit with respect to managing the trademarks transferred to Sonoma Cheese Factory. (Second Amended Counter-Compl., ¶¶ 26. 36-46.) The Court finds that Counter-claimants allegations regarding Sonoma Foods' conduct, as well as the documents attached to the Counter-complaint, are sufficient to allege that Sonoma Foods, through its conduct, became a fiduciary with respect to Sonoma Cheese Factory's trademarks. Moreover, such alleged conduct extends beyond the obligations that Counter-claimants allege were established by the agreement. Accordingly, the Court denies Sonoma Foods' motion to dismiss the breach of fiduciary duty claim.

### 3. Trademark Infringement.

Sonoma Foods argues that Counter-claimants trademark infringement claim should be dismissed because Counter-claimants did not allege such a claim in their First Amended Counter-complaint. However, as the stated above, the Court declines to dismiss the counter-claims at this procedural stage based on any inconsistency with prior pleadings. Sonoma Foods also argues the merits of such a claim. According to Sonoma Foods, it owns the *Sonoma Cheese Factory* mark in Class 29 and the *Sonoma Cheese* and *Sonoma Cheese Company* marks

and thus is not infringing on Sonoma Cheese Factory's marks. To state a claim for trademark infringement claim, a plaintiff must allege "three basic elements: (1) distinctiveness, (2) nonfunctionality, and (3) likelihood of confusion." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F.3d 1042, 1046-47 (9th Cir.1998). Whether Sonoma Foods has a defense to the trademark infringement claim based on its ownership of allegedly infringing marks is an argument that is more appropriately raised in the context of a motion for summary judgment where the Court looks beyond the four corners of the pleadings and the sufficiency of the bare allegations. Accordingly, the Court denies Sonoma Foods motion to dismiss on this ground.

### 4.    Negligence.

Sonoma Foods argues that Counter-claimants fail to allege any duty, a required element of any negligence claim. As the Court explained in the order dismissing Counter-claimants' First Amended Counter-complaint, tort recovery is precluded for non-insurance contractual breaches "in the absence of violation of an independent duty arising from principles of tort law." *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 102 (1995) (internal quotes omitted). However, in their Second Amended Counter-complaint, Counter-claimants do allege the existence and breach of a duty, a fiduciary duty. Accordingly, the Court denies Sonoma Foods' motion as to this counter-claim.

### 5.    Rescission and Financial Elder Abuse.

Finally, Sonoma Foods moves to dismiss the counter-claims for rescission and financial elder abuse on the same grounds the Court has already rejected with respect to the breach of contract claim – that the agreement at issue is a written contract that does not include the implied promise not to use certain trademarks. As discussed above, the Court found it would be premature to determine whether or not the agreement contains an implied promise not to use certain trademarks, and therefore declined to dismiss the breach of contract claim on this ground at this procedural stage. For the same reason, the Court denies the motion to dismiss the rescission and financial elder abuse counter-claims.

**C.    Sonoma Foods' Motion to Strike.**

Sonoma Foods moves to strike the vast majority of Counter-claimants' Second Amended Counter-complaint based on the same grounds the Court has already rejected with respect to the motion to dismiss - that amended allegations are inconsistent with prior allegations and prior declarations. As the Court explained above, although Counter-claimants have altered the alleged substance of the agreement and breaches, the Court declines to dismiss or strike the counter-claims on this basis. Again, although the Court will not strike the counter-claims at this procedural stage on this ground, the Court admonishes Counter-claimants to take greater care regarding their prospective statements and representations in this litigation. Accordingly, the Court denies Sonoma Foods' motion to strike.

## CONCLUSION

For the foregoing reasons, the Court DENIES Sonoma Foods' motion to dismiss and motion to strike. The Court HEREBY LIFTS the stay on discovery.

**IT IS SO ORDERED.**

Dated: October 30, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE