IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOMA FOODS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SONOMA CHEESE FACTORY, LLC, et al.,<br><br>    Defendants.<br><hr>AND RELATED COUNTERCLAIMS<br>_____ / | No. C 07-00554 JSW<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS INDIRECT MISAPPROPRIATION CLAIM** |

Now before the Court are defendants and counter-claimants Sonoma Cheese Factory, LLC ("Cheese Factory"), L. Peter Viviani, Maria Viviani, and Sally Gries' (collectively, "Defendants") motion for partial summary judgment and motion to dismiss plaintiff and counter-defendant Sonoma Foods, Inc.'s ("Plaintiff") indirect misappropriation claim. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 4, 2008 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES Defendants' motion for partial summary judgment and GRANTS Defendants' motion to dismiss Plaintiff's indirect misappropriation claim.[1]

---

[1] The Court HEREBY GRANTS Defendants' motion to file under seal Exhibit E attached to the declaration of L. Peter Viviani.

As the parties are familiar with the facts and procedural history of this case, there is no need to recite them here, except where useful in reaching the disposition.

## ANALYSIS

**A.   Legal Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence that negates an essential element of the non-moving party's claims, or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,

1 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact
2 must be sure to point a court to the evidence precluding summary judgment because a court is
3 "'not required to comb the record to find some reason to deny a motion for summary
4 judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir.
5 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th
6 Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment,
7 the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Defendants' Motion for Partial Summary Judgment.**

Defendants move for summary judgment on Plaintiff's claim for patent infringement on the grounds that the applicable statute of limitations has expired. In *Karl Storz Endoscopy Amer., Inc. v. Surgical Tech., Inc.*, the Ninth Circuit applied the three-year statute of limitations from California Civil Code § 338(d) to a trademark infringement claim brought under the Lanham Act. *Karl Storz*, 285 F.3d 848, 857 (9th Cir. 2002). However, as the Ninth Circuit subsequently observed, *Karl Storz* "failed to consider whether Congress intended that laches, as opposed to the statute of limitations be the sole timeliness defense available to [Lanham Act] claims." *Jarrow Forumlas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). Laches is an equitable defense, whereas statute of limitations is a creature of law. *Id.* at 835. "Statutes of limitations generally are limited to actions at law and therefore are inapplicable to equitable causes of action. ... Laches serves as the counterpart to the statute of limitations, barring untimely equitable causes of action." *Id.* (internal citation omitted). While the court in *Jarrow Forumlas* noted that "[t]he proper interplay between laches and the statute of limitations is somewhat elusive," the court did not resolve whether a statute of limitations defense may be applied to a claim under the Lanham Act. *Id.* at 836-37; *see Adidas Amer., Inc. v. Kmart Corp*, 2006 WL 2044857, *9 (D.Or. June 15, 2006) (noting that *Jarrow Formulas* "declined to resolve the issue of whether an independent statute of limitations defense is permitted").

Regardless of whether a statute of limitations defense is applicable to Plaintiff's trademark infringement claim, the alleged violations are ongoing, and thus, "the statute of limitations is conceivably only a bar to monetary relief for the period outside of the statute of

3

1 limitations." *Jarrow Formulas*, 304 F.3d at 837 (citing 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31.33 (4th ed. 2001) ("Usually, infringement is a continuing wrong, and the statute of limitations is no bar except as to damages beyond the statutory period.")); *Adidas Amer.*, 2006 WL 2044857, *10 ("even assuming a statute of limitations might bar some portion of adidas's claims, adidas is still entitled to relief arising from defendants' ongoing infringement within the limitations period"). Defendants' alleged infringement activity is ongoing. (First Amended Complaint ("FAC") at ¶¶ 42-45.) Therefore, even assuming a statute of limitations defense may bar some portion of Plaintiff's trademark infringement claim, Plaintiff would still be entitled to pursue damages based on the infringement activity that occurred within the statute of limitations period. Accordingly, the Court DENIES Defendants' motion for partial summary judgment as to Plaintiff's claim for trademark infringement.

### C. Legal Standards Applicable to Motions to Dismiss.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### D. Plaintiff Fails to State a Claim for Indirect Misappropriation of Trade Secrets.

Defendants move to dismiss Plaintiff's claim entitled "indirect misappropriation of trade secrets." Plaintiff alleges that its recipes and formulas to make its flavored Jack cheese products are trade secrets. (FAC at ¶¶ 51, 52.) Plaintiff had hired another company, Rumiano Cheese Company ("Rumiano"), to make cheese products for it using the trade secret recipes, but in October 2006, Rumiano terminated that business relationship and said that it would no longer produce cheese products for Plaintiff. (*Id.*, ¶¶ 54-59.) However, in March 2007,

4

1  Rumiano began selling to Cheese Factory cheese products that it made using Plaintiff's trade
2  secret recipes. (*Id*., ¶ 61.) Plaintiff alleges that Cheese Factory is merely a retail operation and
3  does not make cheese products. (*Id*., ¶ 63.) Despite the fact that Plaintiff informed Cheese
4  Factory that the cheese products it had purchased from Rumiano were made through improper
5  means, Cheese Factory has not ceased selling the cheese products it purchased from Rumiano.
6  (*Id*., ¶ 64.)

7  Plaintiff has not alleged facts to support its contention that *Defendants* have used,
8  disclosed, or marketed trade secrets – the recipes for Plaintiff's flavored Jack cheese products.
9  Rather, Plaintiff's allegations support an inference that *Rumiano* wrongfully retained and used
10 the trade secret recipes and sold the products to Cheese Factory. Plaintiff seeks to hold Cheese
11 Factory liable for its role in selling the cheese products wrongfully made by Rumiano, but
12 Plaintiff has not alleged facts to support its theory that Cheese Factory may be vicariously or
13 jointly liable for Rumiano's conduct. The cases Plaintiff relies on are inapplicable. *See PMC,*
14 *Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1374-1389 (2000) (holding directors liable for the
15 corporation's misappropriations where the directions specifically authorized, directed, or
16 participated in the alleged tortious activity); *Colgate-Palmolive Co. v. Carter Products, Inc.*,
17 230 F.2d 855, 865 (4th Cir. 1956) (holding defendant company liable for using trade secrets it
18 obtained by hiring the plaintiff's former employee). Plaintiff has not alleged any facts to
19 support an inference that Cheese Factory controlled, had an employment relationship with, or
20 otherwise had an agency relationship with Rumiano. Therefore, the Court GRANTS
21 Defendants' motion to dismiss Plaintiff's indirect misappropriation claim. The Court will
22 provide Plaintiff leave to amend to state a claim for misappropriation against Defendants.

## CONCLUSION

24 For the foregoing reasons, the Court DENIES Defendants' motion for partial summary
25 judgment and GRANTS Defendants' motion to dismiss Plaintiff's indirect misappropriation
26 claim. Plaintiff shall file any amended complaint within twenty days of the date of this Order.
27 If Plaintiff does not file an amended complaint, Defendants shall file an answer within twenty
28 days. If Plaintiff files an amended complaint in accordance with this Order, Defendants shall

5

either file an answer or move to dismiss within twenty days of service of the amended complaint.

The Case Management Conference scheduled for April 4, 2008 at 9:00 a.m. is HEREBY CONTINUED to April 4, 2008 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: April 3, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6